# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN JEFFERY RICHSON-BEY, | Case No. 1:22-cv-00567-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| JUAREZ, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS |
| Defendant. | |
| | (ECF Nos. 1, 6, 7) |
| | **FOURTEEN (14) DAY DEADLINE** |

**I.   Background**

Plaintiff Sean Jeffery Richson-Bey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 30, 2022, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim for excessive force against Defendant J. Juarez, for the incident on September 21, 2021, in violation of the Eighth Amendment, but failed to state any other cognizable claims. (ECF No. 6.)  The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court.  (*Id.*) On July 12, 2022, Plaintiff notified the Court of his willingness to proceed on the cognizable claim identified by the Court. (ECF No. 7.)

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A. Allegations in Complaint

Plaintiff is currently housed at California State Prison, Corcoran ("Corcoran") in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names J. Juarez, Correctional Officer, as the sole defendant. Plaintiff alleges as follows:

On September 29, 2021, during compliance with commands to "get down" "by separation to safe distance from area of activity Plaintiff was administered continuous stream of 'MK-9 OC' spray to head/facial area from left flank and rear by Juarez for what seemed to be, until Plaintiff was definitely in a prone position." On September 30, 2021, Plaintiff awoke with accumulated deposits of the chemical agent in the right eye which had coagulated, sealing the lid shut. Even

after cleaning his eye out with soap and water, his eye was still irritated with a feeling of crystallized particles raked across his eye with every blink.

Plaintiff went to the CTC for treatment for his hand and complained to the provider of the discomfort in his eye.  The provider examined his right eye and discovered two corneal abrasions caused by the chemical burn.  The provider determined irritation to be caused by crystallization of the chemical agent in the right eye.  Provider cleansed the eye multiple times and scheduled Plaintiff for a follow-up with an eye specialist.  In the follow-up with the specialist, Plaintiff was diagnosed with a "retinal tear of the right eye" on November 9, 2021.  Plaintiff was given non-invasive laser treatment to repair the "horseshoe" tear and is under care to determine long term success.  Plaintiff suffered spotty, blurry vision, bright blinking obfuscation, headaches, migraines throughout the process.

Plaintiff alleges no penological purpose was served by the actions of Juarez as Plaintiff was complying with commands, moving to an open space, posing no perceived threat to Juarez or other officers.  Plaintiff's right eye received the direct impact from the spray.

Plaintiff seeks compensatory and punitive damages.

**B.     Discussion**

    **1.     Eighth Amendment**

        a.     <u>Excessive Force</u>

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Ingraham v. Wright*, 430 U.S. 651, 670 (1977); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  *Whitley*, 475 U.S. at 319.

However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition of de minimis

uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (citations and quotations omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).  What violates the Eighth Amendment is "the unnecessary and wanton infliction of pain," i.e., infliction of suffering that is "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim for excessive force against J. Juarez.  Plaintiff alleges he was given commands, was complying with the commands, but was nonetheless, pepper sprayed.

b. <u>Deliberate Indifference to Serious Medical Needs</u>

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

///

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.

It is unclear whether Plaintiff is attempting to allege a deliberate indifference claim against J. Jaurez. Plaintiff has not alleged any factual support for conduct by J. Juarez that defendant "knew of and disregarded an excessive risk to inmate health or safety."

### 2.  1836 United States-Morocco Treaty of Peace and Friendship

Claims based on the violation of the Treaty of Peace and Friendship have repeatedly been found to be frivolous. *See Bey v. Linder*, No. 2:19-cv-1745 TLN DB PS, 2020 WL 5110357 (E.D. Cal. Aug. 31, 2020). *See also Ingram El v. Crail*, No. 2:18-cv-1976 MCE EFB PS, 2019 WL 3860192, at *3 (E.D. Cal. Aug. 16, 2019) ("Plaintiff's Moorish citizenship argument is a frivolous attempt to establish diversity jurisdiction where none exits, and the ploy is not new."); *El-Bey v. North Carolina*, No. 5:11-cv-00423-FL, 2012 WL 368374, at *2 (E.D. N.C. Jan. 9, 2012) ("any claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous"); *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 558 (D. N.J. 2011) ("a litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous."); *Richson-Bey v. Bell*, No. 1:22-cv-00447 BAM (PC), 2022 WL 1541688, at *7 (E.D. Cal. May 16, 2022) (To the extent Plaintiff bases any of his claims on violations of the 1836 United States-Morocco Treaty of Peace and Friendship, those claims are frivolous and fail to state a cognizable claim for relief.)

Plaintiff cannot state a claim under the 1836 United States-Morocco Treaty of Peace and Friendship. Those claims are frivolous and fail to state a cognizable claim for relief.

///

**III.     Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim for excessive force against Defendant J. Juarez, for the incident on September 21, 2021, in violation of the Eighth Amendment.  However, Plaintiff's complaint fails to state any other cognizable claims.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed May 11, 2022, (ECF No. 1), against Defendant J. Juarez for excessive force in violation of the Eighth Amendment; and
2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

*  *  *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 13, 2022**              /s/ Barbara A. McAuliffe             
                                                          UNITED STATES MAGISTRATE JUDGE