# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN JEFFERY RICHSON-BEY, | Case No. 1:22-cv-00567-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO SUPPLEMENT THE PLEADINGS WITHOUT PREJUDICE |
| v. | |
| JUAREZ, | (ECF Nos. 16, 28) |
| Defendant. | |

Plaintiff Sean Jeffrey Richson-Bey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Juarez for excessive force in violation of the Eighth Amendment.

Currently before the Court are Plaintiff's motions for supplemental pleadings, filed November 7, 2022 and May 19, 2023. (ECF Nos. 16, 28.) Defendant filed an opposition to the later-filed motion on June 8, 2023. (ECF No. 30.) The motions were otherwise held in abeyance pending service of the complaint on Defendant and the outcome of the parties' June 22, 2023 settlement conference. As the case did not settle, the Court now turns to the motions and construes the filings as motions to supplement or amend the complaint. The motions are deemed submitted. Local Rule 230(l).

In the November 7, 2022 motion to supplement, Plaintiff requests the addition of facts that occurred after the filing of the initial complaint. (ECF No. 16, p. 2.) In the May 19, 2023 motion,

1

1. Plaintiff seeks to add two new defendants, as well as facts regarding events that occurred prior to the filing of the initial complaint and after the filing of his first motion to supplement. (ECF No. 28.) Plaintiff has not filed a proposed amended complaint. Defendant opposes the second motion to supplement on the grounds that the motion is not complete in itself and even if it were, amendment would delay litigation, prejudice Defendant, and be futile. (ECF No. 30.)

Pursuant to Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). However, Plaintiff is attempting to include not only events that occurred after the date the complaint was filed, but also to add defendants and include events that occurred prior to the date the complaint was filed. Thus, the Court declines to allow the filing of these documents as supplemental pleadings pursuant to Rule 15(d). Instead, Plaintiff's filings are more appropriately considered pursuant to Rule 15(a).

Plaintiff is informed that under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

As Defendant has already served a responsive pleading in this action, Plaintiff may only amend by leave of the Court or by written consent of Defendant. Further, if Plaintiff wishes to include additional defendants and events there were not included in the initial complaint, he must file an amended complaint that is complete within itself without reference to any other pleadings. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc); Local Rule 220. In other words, Plaintiff must file an amended complaint that sets forth all of his claims in a single

pleading.

At this time, the Court will deny Plaintiff's motions, without prejudice. If Plaintiff wishes to attempt to add additional allegations and defendants to this action, he should file a motion to amend, together with a proposed amended complaint which includes all of the claims and defendants he wishes to pursue in this action. Defendant will then have an opportunity to file an opposition or other response, and Plaintiff will have the opportunity to file a reply. Plaintiff is reminded that, pursuant to the Court's June 23, 2023 Discovery and Scheduling Order, any motions to amend or stipulated amendments shall be filed on or before **September 23, 2023**.

Accordingly, Plaintiff's motions for supplemental pleadings, (ECF Nos. 16, 28), are HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **June 27, 2023**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE